```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                        **FOR FULL PUBLICATION**
Maria BASOVA and Andrei BASOV;
Muhammad T. ISLAM; Emilia PAULOVA
and Miroslav ARENDAC; Lukas PAULO;
Irena SAFONOVA and Andrey SMIRNOV;
Dorota KRUPSKA; Iwona SNIADOWSKI;
Zdzislaw GORCZOWSKI and Renata
GORCZOWSKI; Mohammed RAHMAN,
Rokeya RAHMAN, Sharmin RAHMAN,
Zinia RAHMAN and Ashrafur RAHMAN;
Mohmmad HAQ and Nurjahan BEGUM;
Leszek PIETRZAK; Nina ANICHINA and      MEMORANDUM
Timour TEMINDAROV; and Mingma           AND ORDER
SHERPA,

                    Plaintiffs,         Civil Action No.
                                        CV-03-4929 (DGT)
          - against -

John ASHCROFT, Attorney General;
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES, Eduardo
AGUIRRE, Director, United States
Citizenship & Immigration
Services; Mary Ann GARTNER,
District Director, New York
District Office, United States
Citizenship and Immigration
Services; Colin POWELL, Secretary
of State; DEPARTMENT OF STATE;
FEDERAL BUREAU OF INVESTIGATIONS;
CENTRAL INTELLIGENCE AGENCY; and
the UNITED STATES OF AMERICA,

                    Defendants.
------------------------------------------------------x
```

TRAGER, J.

     Defendants move for reconsideration of a ruling denying their motion to dismiss under Rule 12(b)(1) and 12(b)(6) with respect to Maria Basova and Andrei Basov. For the following reasons, defendants' motion is granted.

## Background

The facts of this case are set out in a June 22, 2005 Memorandum and Opinion, familiarity with which is presumed.

The plaintiffs in this action were selected as candidates for the 2003 Diversity Immigrant Visa Lottery ("DV") program. They alleged that their applications for adjustment of status were denied because defendants – the New York District Office of the United States Citizenship & Immigration Services (the "Bureau of Citizenship & Immigration Services"); the Department of State ("State Department"); the Federal Bureau of Investigation ("FBI"); and the Central Intelligence Agency ("CIA") – failed to timely process their applications.

On September 26, 2003, four days before the close of the statutory period, two of the plaintiffs in this action, Maria Basova and Andrei Basov (the "Basova plaintiffs"), brought an action to compel defendants to process their applications before the deadline of September 30, 2003 for the 2003 fiscal year ("FY 2003"). On February 23, 2004, an amended complaint was filed, adding additional plaintiffs (together with the Basova plaintiffs, "plaintiffs") who had applied for principal or derivative applications for adjustment of status.

Defendants argued, <u>inter</u> <u>alia</u>, that the case was moot because under the DV program, no visas can be issued after midnight on September 30, the last day of the DV program for a

2

given fiscal year and that, in any event, all 50,000 diversity visas were given out for FY 2003. This opinion accepted the former argument for those plaintiffs who brought their claims after the close of the deadline but held that claims brought prior to the September 30 deadline would not be dismissed on mootness grounds. With respect to the latter argument, plaintiffs provided statistics appearing to seriously undermine defendants' contention that all visas had been distributed for the FY 2003 year. Based upon those statistics, defendants' motion to dismiss the action was denied with respect to the Basova plaintiffs – who filed their action before the expiration of the statutory deadline – and granted with respect to the remaining plaintiffs – who appeared after the expiration of that date. Basova v. Ashcroft, 373 F. Supp. 2d 192 (E.D.N.Y. 2005).

## Discussion

Defendants move for consideration under Fed. R. Civ. P. 59(e) and Local Rule 6.3.[1] Whether or not to grant the motion remains "within the sound discretion of the district court." E.E.O.C. v. Fed. Express Corp., 268 F.Supp.2d 192, 195 (E.D.N.Y. 2003).

---

[1] Rule 59(e) is technically not applicable because no judgment has yet to issue in this case. See R. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). Local Rule 6.3, which does not require final court judgment, is applicable.

Although defendants claim that "the Court misconstrued the government statistical reports submitted by the plaintiffs and overlooked material facts which demonstrate unequivocally that all the DV visas for fiscal year 2003 were, in fact, already used up," Def. Mem. In Supp. Of Reconsideration at 3, they did not, in briefing their motion, put forward any statistics supporting their argument that the ceiling of 50,000 visas had been reached or dispute those submitted by plaintiffs. Instead, they submitted affidavits of Chalres Oppenheim that were rather conclusory in nature and made no mention of the accuracy of the plaintiffs' statistics. See, e.g., Declaration of Charles Oppenheim dated January 31, 2005. This counseled against granting defendants' dismissal motion.

In support of this reconsideration motion, defendants now provide statistics from the Report of the Visa Office 2003, which indicates that 50,812 visas were issued in FY 2003. Moreover, defendants provide an explanation of plaintiffs' statistics that sheds important light on the veracity of those figures in so far as they were used to advance plaintiffs' arguments.

Plaintiffs originally relied on statistics from the Yearbook of Immigration Statistics ("Yearbook"), which indicated that only 46,347 visas were issued in 2003. However, defendants now point out that the Yearbook statistics do not accurately reflect the number of DV visas issued in FY 2003, because they do not include

4

(1) DV visas that were allocated to aliens during FY 2003 but never actually used by those particular aliens; (2) DV visas that were allotted for use in FY 2003 where the alien, who is granted six months to effect entry to the United States, did not do so until FY 2004; and (3) DV visas issued to aliens who were subsequently denied admission to the United States. Defendants also point out that the Diversity Visa Statistical and Trend Analysis, also cited by plaintiffs, according to which 48,115 visas were issued in 2003, is underinclusive because it excludes those individuals who adjusted their status while in the United States. See Def. Mem. In Supp. Of Reconsideration at 6-7.

Plaintiffs argue that this motion cannot be used to advance arguments or theories that could have been raised during briefing of the underlying motion. See Pl. Mem. in Opp. at 3. Regardless of whether this is always the case, defendants are not presenting new evidence based on a new theory, but are simply clarifying the basis for their argument that all 50,000 DV visas were distributed for FY 2003, and offering explanatory proof in support of that contention made in their motion to dismiss. Plaintiffs, for their part, do not convincingly rebut those statistics. Instead, they rely on procedural and prudential issues regarding proper standards governing motions to reconsider. They also argue that the distribution of additional visas for FY 2003 proves either that the program is mismanaged,

or that more visas still can be allocated, or both.  Those arguments, while not irrelevant, leave untouched defendants' argument that, having reached (or exceeded) the limit of 50,000 visas for FY 2003, the basis of this action is moot.

Defendants' rebuttal of the accuracy of the statistics provided by plaintiffs, combined with the statistics defendants now cite as evidence that all available visas for FY 2003 were in fact given out, persuasively demonstrates that, indeed, all visas for FY 2003 were distributed.  Consequently, in accordance with this court's prior opinion, see Basova, 373 F. Supp. 2d at 197, defendants have demonstrated that this action is moot.  Accordingly, the June 22, 2005 Memorandum and Order is vacated, and defendants' motion to dismiss all plaintiffs' claims is hereby granted.[2]

---

[2] In a footnote to the June 22 Memorandum and Opinion, this court noted that additional visas might be available from the group of 5,000 set aside pursuant to the Nicaraguan and Central American Relief Act ("NACARA") if all visas from that program were not used up.  On that point, defendants cite the Report of the Visa Office 2003, which shows that the full offset of 5,000 was used in FY 2003.  See Def. Mem. in Supp. of Reconsideration at Exhibit E.

## Conclusion

For the reasons cited above, defendants' motion to dismiss is granted with respect to all plaintiffs, and the complaint is dismissed with prejudice. The Clerk of Court is directed to close the case.

Dated: Brooklyn, New York
August 23, 2005

SO ORDERED:

_____/s/_____
David G. Trager
United States District Judge

7

SENT TO:

Scott Dunn (via email)
United States Attorney's Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201

Michael P. DeRaimondo, Esq. (via email)
DiRaimando & Masi, LLP
401 Broad hollow Road, Suite 302
Melville, NY 11747